In the Matter of RALPH MILLIS, Appellant, v. FRED A. YOUNG, as Presiding Judge of the Court of Claims, et al., Respondents.— Judgment,

Supreme Court, Albany County, entered August 6, 1970, dismissing petition seeking to annul a determination of respondents removing petitioner from his position as Chief Court Reporter for the Court of Claims, affirmed, without costs and without disbursements. This appeal was transferred here pursuant to CPLR 5711, by order of the Appellate Division, Third Department, entered on December 4, 1970. The petitioner initially, in the year 1956, was appointed a Court Stenographer, a competitive post. In 1966, he became a provisional Chief Court Stenographer, a position still in the competitive class. On January 10, 1968, inadvertently, or erroneously, notification was given by the Administrative Board of the Judicial Conference his title had been converted to Chief Court Reporter; albeit, this notice, actually transmitted to him on January 22, 1968, carried the caveat: "neither this position evaluation nor any position evaluation resulting from an appeal can in and by itself give you permanent status in the evaluated position". In the following month, to wit, February 28, 1968, the New York State Civil Service Commission classified this position in the competitive class, and the Judicial Conference deferred. Thus, it is difficult to grasp the petitioner's grievance. *Matter of Ainsberg* v. *McCoy* (26 N Y 2d 56) upon which the dissenting opinion relies, in support of a reversal and reinstatement of the petition, is factually distinguishable. Here, unlike *Ainsberg*, petitioner is not being required to qualify again by further examination, in order to continue to perform duties which he properly and legally performed prior to any transition of work or reclassification of job title. Further, unlike *Ainsberg*, the position of petitioner was never placed in a noncompetitive class. Quite the contrary. In *Ainsberg*, the reclassification entailed the establishment of four titles, two of them noncompetitive, permitting some of the functions of Court Clerk II (to which the *Ainsberg* petitioners aspired) to be assigned to the noncompetitive status of Court Clerk III and Court Clerk IV. And there is nothing in *Ainsberg* indicating a proper challenge has been made to the primary responsibility for jurisdictional classification which rests with the State Civil Service Commission, a fact fully recognized by the Administrative Board's deference to the decision of the Civil Service Commission's placement of the position to which petitioner seeks restoration in the competitive class. Thus, the position of Chief Court Reporter being a competitive class position, it may not be filled on a permanent basis without taking of an examination and subsequent appointment to such position. Nor can mere passage of time, nor an erroneous assumption by the Administrative Board of the Judicial Conference that the Civil Service Commission would probably agree to the reclassification of petitioner's position, transform what was always a provisional appointment, fundamentally, into a permanency of tenure. (See Civil Service Law, §§ 65, 122; *Matter of Rohl* v. *Jeacock*, 259 App. Div. 208, affd. 284 N. Y. 660.) And in the instant case, the petitioner always had an awareness of the fact that never did he take a competitive promotion examination for either Chief Court Stenographer or Chief Court Reporter, although the former always was in the competitive class and the latter was determined to be in the competitive class by the New York State Civil Service Commission. Petitioner's status was never more than provisional and, therefore, he was properly subject to removal from his position. (See *Matter of McNamara* v. *McCoy*, 36 A D 2d 787.) Concur — McGivern, J. P., Kupferman and Macken, JJ.; Markewich, J., concurs in the result in the following memorandum: I concur in the result arrived at in the memorandum by the majority. However, because I consider both that memorandum and the dissent to be overcomplicated in their expressions concerning *Matter of Ainsberg* v. *McCoy* (26 N Y 2d 56, revg. 32 A D 2d 397), I desire to express my thought separately. The distinction between the instant case and *Ainsberg*

is that, in *Ainsberg* (footnote p. 61), it was noted that respondent "by letter addressed to the court, virtually conceded that the argument concerning out-of-title performance is precluded by the pleadings." There is no such concession here. Indeed, it is stressed that the key word "chief" in the provisional title of petitioner was accorded petitioner here solely on a provisional basis, and that the duties performed by petitioner, being on a provisional basis, were performed completely out-of-title. The title of chief having been classified by competent civil service authority as competitive, "reclassification on that basis would not be permissible" (*Ainsberg,* p. 58). Steuer, J., dissents in the following memorandum: In January 1966 petitioner, then a Court Stenographer in the Court of Claims, was provisionally appointed Chief Court Stenographer. In 1968 the Administrative Board changed the title of the position to Chief Court Reporter. During the period 1966–1968 petitioner performed the duties of Chief Court Reporter on an in-title basis. The Administrative Board notified petitioner of the change in title and confirmed his appointment to that position. It appears that the board was under the impression that the position of Chief Court Stenographer was in the noncompetitive class and the tenure of the position subject to the pleasure of the Presiding Justice of the Court of Claims. The matter having come to the attention of the State Civil Service Commission, the latter, on February 28, 1968, ruled that the position was in the competitive class. The Presiding Justice then sought to have the position put in the noncompetitive class, but was unsuccessful. Thereupon he relieved petitioner of his duties as Chief Court Reporter and reduced him to the position of Court Reporter II. The respondent Administrative Board takes the position that as petitioner never took a qualifying or promotional examination for Chief Court Reporter, his appointment remained provisional and he could be relegated to the position of Court Reporter II, the highest position for which he had qualified by examination. That, however, is not the only test. If the incumbent at the time of reclassification is performing, in title, the duties of a higher classification, he is not only entitled to have his position put in the higher classification, he is also entitled to be confirmed in the position. (*Matter of Ainsberg* v. *McCoy,* 26 N Y 2d 56.) In *Ainsberg* seven court clerks who had only completed examinations equivalent to Court Clerk I were regularly performing duties in the positions of real property actions clerk, certiorari clerk, etc., which duties by the reclassification were the functions of Court Clerk II. Not only was it held that petitioners were entitled to have the position designated as Court Clerk II but the individual petitioners were entitled to retain the positions in the higher grade. Paragraph 1 of section 223 of the Judiciary Law requires that nonjudicial employees be continued in their office and employment without diminution of salaries and with the same status and rights. Here, this was apparently done. It was only sought to be undone when it was discovered that the position was competitive rather than noncompetitive, a fact having no bearing on the issue. The majority points to the factual differences between this case and *Ainsberg*. True, there are factual differences but none of these constitutes a ground for a legal distinction. In both cases the petitioners had not qualified for the positions actually held by them by passing appropriate examinations.[*] In both cases the petitioner had been performing in title the duties of the position in which he was classified. These are the essential facts necessary to decision. The determination of the Civil Service Commission that the position was in the competitive class has absolutely no bearing on the legal issues and is irrelevant on the question presented. The order should be reversed and the petition reinstated.

---

[*] While this fact does not clearly appear in the Court of Appeals decision, it does in the opinion of the Appellate Division (32 A D 2d 397, 401).